# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ELIZABETH L. STRICKLAND,** *et al.,*  **PLAINTIFFS**

**v.**  **CIVIL ACTION NO. 2:16-CV-124-KS-MTP**

**AMY ALYECE BROOME,** *et al.*  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendant USAA's Motion to Dismiss [37]. Plaintiffs' claims of breach of fiduciary duty and constructive trust against USAA are dismissed with prejudice.

## I. BACKGROUND

This case involves a dispute over life insurance proceeds. In October 2002, Steve Broome and Plaintiff Elizabeth Strickland got divorced. The Final Judgment of Divorce incorporated the terms of a property settlement. Exhibit A to Amended Complaint at 2, *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP (S.D. Miss. June 21, 2017), ECF No. 31-1. The property settlement provided: "Each party shall maintain the same amount of life insurance and keep the beneficiary the same." *Id.* at 9. Plaintiff alleges that, at the time of the divorce, Steve Broome had a life insurance policy in the amount of $400,000 with Plaintiff Strickland as the named beneficiary, and Strickland had a life insurance policy in the amount of $400,000 with Plaintiff Elizabeth Lance Broome Revocable Trust as the named beneficiary.

According to Plaintiffs, the divorce court held a contempt hearing in February

2004 to address Broome's failure to maintain the life insurance, among other things. But in July 2004, Broome requested that the primary beneficiary on his life insurance policy issued by Defendant USAA be changed from Defendant Amy Alyece Broome to the Plaintiff Trust, and USAA complied. Exhibit C to Amended Complaint at 25, 34-38, *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP (S.D. Miss. June 21, 2017), ECF No. 31-3.

Steve Broome died in August 2013. In September 2013, USAA paid the life insurance policy proceeds to Amy Broome, less an amount Steve Broome had assigned to a creditor.

At some point between July 2004 and June 2009, the primary beneficiary on the policy had apparently changed. According to USAA records, Amy Broome was the primary beneficiary as of June 25, 2009, and at the time of Steve Broome's death. *Id.* at 55. The record contains no evidence as to how the change of beneficiary occurred, and Plaintiffs allege both that Steve Broome never changed the beneficiary, and that he was induced to do so by Amy Broome. Amended Complaint at 4-6, *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP (S.D. Miss. June 21, 2017), ECF No. 31.

Plaintiffs filed their Complaint in this Court on August 15, 2016, asserting claims against Amy Broome. On June 21, 2017, they filed an Amended Complaint, also asserting claims against USAA. USAA filed a Motion to Dismiss [37], which the Court now addresses.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

2

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

*A.* *Breach of Fiduciary Duty*

Defendant argues that Plaintiffs' breach of fiduciary duty claim must be dismissed because it owes no fiduciary duty to Plaintiffs. In response, Plaintiffs argue that insurers may, in fact, owe fiduciary duties to their insureds.

To state a claim for breach of fiduciary duty, a plaintiff must show the existence of a fiduciary duty, and that the defendant breached such duty. *Lowery v. Guaranty Bank & Trust Co.*, 592 So. 2d 79, 83 (Miss. 1991). "[U]nder Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first-

3

party insurance contract." *Booker v. Am. Gen. Life & Accident Ins. Co.*, 257 F. Supp. 2d 850, 856 (S.D. Miss. 2003) (citing *Gorman v. Se. Fid. Ins. Co.*, 621 F. Supp. 33, 38 (S.D. Miss. 1985), *aff'd* 775 F.2d 655 (5th Cir. 1985)).

Plaintiffs argue that an insurer has a fiduciary duty to its insured under some circumstances. In *Am. Bankers Ins. Co. v. Alexander*, 818 So. 2d 1073 (Miss. 2001), the Mississippi Supreme Court found that a force-placed collateral protection insurer owed a fiduciary duty to its insureds to notify them of a profit-sharing scheme with the mortgagee. But several years later, in *Robley v. Blue Cross/Blue Shield*, 935 So. 2d 990, 996 (Miss. 2006), the Mississippi Supreme Court declined to find a fiduciary relationship between a health insurer and its insured. Moreover, the federal courts of this state have consistently held that there is no fiduciary relationship between an insurer and its insured.[1]

Therefore, *Alexander*'s applicability on this issue appears to be limited. Indeed, Mississippi law "does not preclude . . . a fiduciary relationship" between an insurer and

---

[1] *See, e.g. Szumigala v. Nationwide Mut. Ins. Co.*, 853 F.2d 274, 280 n. 7 (5th Cir. 1988); *Washington v. Am. Heritage Life Ins. Co.*, 500 F. Supp. 2d 610, 616 (N.D. Miss. 2007); *Fried Alligator Films, LLC v. N.Y. Life Ins. Co.*, No. 4:16-CV-175-DMB-JMV, 2017 U.S. Dist. LEXIS 160858, at *19 (N.D. Miss. Sept. 29, 2017); *Watson v. Allstate Prop. & Cas. Ins. Co.*, No. 3:16-CV-987-CWR-FKB, 2017 U.S. Dist. LEXIS 151482, at *4 (S.D. Miss. Sept. 19, 2017); *Gum Tree Prop. Mgmt., LLC v. Coleman*, No. 1:12-CV-181-SA-DAS, 2014 U.S. Dist. LEXIS 38306, at *7-*8 (N.D. Miss. Mar. 24, 204); *Vannorman v. Stonebridge Life Ins. Co.*, No. 3:11-CV-416-DPJ-FKB, 2012 U.S. Dist. LEXIS 14291, at *9 (S.D. Miss. Feb. 7, 2012); *Remel v. State Farm Fire & Cas. Co.*, No. 1:07-CV-126-LTS-RHW, 2009 U.S. Dist. LEXIS 15616, *9 (S.D. Miss. Fe. 25, 2009); *Gibson v. Merkel Int'l, Ltd.*, No. 1:07-CV-1245-HSO-JMR, 2008 U.S. Dist. LEXIS 110502, *18 (S.D. Miss. Aug. 14, 2008); *Rogers v. Shelter Mut. Ins. Co.*, No. 3:05-CV-57-HTW-S, 2006 U.S. Dist. LEXIS 21255, at *14 (S.D. Miss. Mar. 30, 2006).

its insured. *Robley*, 935 So. 2d at 994. "[I]n some rare cases the terms of the [insurance] contract itself create a fiduciary relationship," but this occurs only "where the contract relationship creates a justifiable special trust and confidence in the parties so that the first party relaxes the care and vigilance normally exercised in entering into a transaction with a stranger." *Id.* at 995. But the Mississippi Supreme Court has "refused . . . to recognize the existence of a fiduciary relationship where the parties were involved in little more than an arm's-length business transaction." *Id.* The "severity of the burdens and penalties integral to a fiduciary relationship should not apply to ordinary insurance policy transactions." *Id.* at 996.

Plaintiffs have not demonstrated – and their pleading contains no facts indicating – that the facts of this case fall within the category of rare cases where an insurance transaction creates a fiduciary relationship. This case is not analogous to *Am. Bankers Ins. Co. v. Alexander*, 818 So. 2d 1073 (Miss. 2001), where an insurer and mortgagee conspired to force-place insurance at exorbitant rates while the mortgagee collected a percentage of the premiums. Mississippi courts have frequently addressed disputes over beneficiary changes on life insurance policies, but Plaintiffs have not cited any case in which a Mississippi court held that an insurer owed the alleged beneficiary a fiduciary duty.

Rather, Plaintiffs argue that the divorce judgment granted them an equitable interest in the proceeds of the life insurance policy that vested when Broome died, and that USAA owed them a fiduciary duty because it became their trustee in possession of the life insurance proceeds upon Broome's death. The Court need not address

5

whether Plaintiffs possessed an equitable interest in the policy proceeds. Even if the proceeds should have been paid to them, Plaintiffs have not cited any authority for the proposition that an insurer becomes the trustee of a beneficiary once the policy benefits come due. On its face, such a rule would directly contradict Mississippi's general rule that "ordinary insurance policy transactions" do not create fiduciary duties. *Robley*, 935 So. 2d at 996.

For these reasons, the Court finds that Defendant USAA owed Plaintiffs no fiduciary duty and, therefore, breached no fiduciary duty.

## B.   *Constructive Trust*

Defendant also argues that the Court should dismiss Plaintiffs' demand of a constructive trust. "A constructive trust is a means recognized in [Mississippi] law whereunder one who unfairly holds a property interest may be compelled to convey that interest to another to whom it justly belongs." *Barriffe v. Estate of Nelson*, 153 So. 3d 613, 618 (Miss. 2014).

> A constructive trust is one that arises by operation of law against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds legal right to property which he ought not, in equity and good conscience, hold and enjoy.

*Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1178 n. 1 (Miss. 2004).

Among other things, USAA argues that imposition of a constructive trust would be inappropriate because it does not possess the policy proceeds or hold any legal right to them. In response, Plaintiffs argue that USAA does, in fact, possess a legal right to

the policy proceeds.

USAA has no legal right to the proceeds of Broome's life insurance policy. Upon a policy owner's death, "[t]he policy beneficiary then has a right to the proceeds . . . ." *Evans v. Moore*, 853 So. 2d 850, 855 (Miss. Ct. App. 2003); *see also Defoe v. Great S. Nat'l Bank*, 511 So. 2d 912, 915 (Miss. 1987) (beneficiary's right to policy proceeds vests at insured's death). "In some circumstances a constructive trust may be imposed on the benefits in order that they are ultimately paid to someone else despite the vesting," but Plaintiffs have not cited any example of a Mississippi court imposing a constructive trust on an insurer who has *already* paid out a policy's proceeds. *Evans*, 853 So. 2d at 855. Imposition of a constructive trust on USAA would accomplish nothing because USAA neither possesses the funds nor has any right to do so.

Moreover, to properly impose a constructive trust, the Court must find "that there was a confidential relationship" between Plaintiffs and USAA, and that USAA "abused said relationship to obtain a right or property which [it] ought not, in equity and good conscience, hold and enjoy." *Davidson v. Davidson*, 667 So. 2d 616, 620 (Miss. 1995). No such relationship existed between USAA and Plaintiffs. At most, Plaintiffs have described an "arm's-length business transaction," *Robley*, 935 So. 2d at 995, and a "constructive trust does not arise simply because a party fails to perform under a contract." *Barriffe*, 153 So. 3d at 618.

### IV. CONCLUSION

For these reasons, the Court **grants** Defendant USAA's Motion to Dismiss [37].

7

Plaintiffs' claims of breach of fiduciary duty and constructive trust against USAA are dismissed with prejudice.

SO ORDERED AND ADJUDGED this 19th day of October, 2017.

                                                               /s/ Keith Starrett
                                                           KEITH STARRETT
                                                           UNITED STATES DISTRICT JUDGE