IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ELIZABETH L. STRICKLAND, *et al.*,                                    PLAINTIFFS

v.                                         CIVIL ACTION NO. 2:16-CV-124-KS-MTP

AMY ALYECE BROOME, *et al.*                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies in part** and **declines to address in part** Plaintiffs' Motion for Reconsideration [50].

### I. BACKGROUND

The Court provided the factual background of this case in its earlier opinion. *See Strickland v. Broome*, No. 2:16-CV-124-KS-MTP, 2017 WL 4707032, at *1 (S.D. Miss. Oct. 19, 2017). The Court granted USAA's Motion to Dismiss [37] Plaintiffs' claims of breach of fiduciary duty and constructive trust. *Id.* at *3. First, the Court held that Plaintiffs had not pleaded sufficient facts to demonstrate that this case falls within the category of rare cases where an insurance transaction creates a fiduciary relationship. *Id.* at *2-*3. Second, the Court held that it could not impose a constructive trust on USAA because 1) USAA has no legal right to the proceeds of the insurance policy, and 2) USAA no longer possesses the funds at issue. *Id.* at *3. Plaintiffs filed a Motion for Reconsideration [50] of the Court's ruling, which the Court now addresses.

### II. DISCUSSION

Plaintiffs seek reconsideration of the Court's prior opinion under Rule 54(b),

which "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' ' any order or other decision . . . [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting FED. R. CIV. P. 54(b)). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* The Rule's flexible standard reflects "the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)).

First, Plaintiffs argue that the Court erroneously assumed that Steven Broome changed the beneficiary of the policy to Defendant Amy Broome. As the Court noted in its prior opinion, Plaintiff alleged both that no one changed the policy beneficiary, and that Amy Broome induced Steve Broome to change it. Amended Complaint at 4-6, *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP (S.D. Miss. June 21, 2017), ECF No. 31. But this factual issue is wholly irrelevant to the bases of the Court's decision. Regardless of whether Steven Broome changed the policy beneficiary, there was still no fiduciary relationship between USAA and Plaintiffs, and the Court can not impose a constructive trust on USAA for funds it no longer possesses.

Next, Plaintiffs again argue that the divorce judgment gave them an equitable interest in the life insurance policy's proceeds. As the Court previously held, it is not necessary for the Court to address whether Plaintiffs actually possessed such an equitable interest because they cited no authority in support of the proposition that an

insurer becomes the trustee of a beneficiary once the policy benefits are due. In other words, even if Plaintiffs had an equitable interest in the policy proceeds, it does not necessarily follow that USAA was their fiduciary. As the Court noted, if an insurer became the trustee of a beneficiary once policy benefits were due, it would effectively abrogate Mississippi's general rule that "ordinary insurance policy transactions" do not create fiduciary relationships. *Robley v. Blue Cross/Blue Shield of Mississippi*, 935 So. 2d 990, 995-96 (Miss. 2006).[1]

Finally, Plaintiffs argue that the Court "overlooked" their claims of conversion and breach of contract. But the Court did not address any claims of conversion or breach of contract because USAA's motion did not seek dismissal of any such claims. Therefore, there is no decision for the Court to reconsider with respect to any purported claims of conversion or breach of contract.

To the extent Plaintiffs seek leave to amend to add claims of conversion and breach of contract, the Court declines to address this issue in ruling on the present motion. Plaintiffs are free to file a separate motion seeking leave to amend.

### III. CONCLUSION

For these reasons, **denies in part** and **declines to address in part** Plaintiffs'

---

[1] Plaintiffs argue that cases addressing the lack of a fiduciary relationship between an insurer and insured are distinguishable because Elizabeth Strickland was a third-party beneficiary of the policy, rather than the insured. But, again, Plaintiffs have not cited any Mississippi cases providing that an insurer owes a fiduciary duty to a policy's beneficiary. It seems implausible that the Mississippi Supreme Court would find that an insurer has a fiduciary relationship with a third-party beneficiary, while it has explicitly rejected such a general rule with regard to the insurer's own policyholders.

3

Motion for Reconsideration [50].

SO ORDERED AND ADJUDGED this 14th day of March, 2018.

>             /s/ Keith Starrett
>     KEITH STARRETT
>     UNITED STATES DISTRICT JUDGE