IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ELIZABETH L. STRICKLAND,** *et al.*,                                      **PLAINTIFFS**

**v.**                                           **CIVIL ACTION NO. 2:16-CV-124-KS-MTP**

**AMY ALYECE BROOME,** *et al.*                                            **DEFENDANTS**


## MEMORANDUM OPINION AND ORDER

The Court provided the factual background of this case in its earlier opinion. *See Strickland v. Broome*, No. 2:16-CV-124-KS-MTP, 2017 WL 4707032, at *1 (S.D. Miss. Oct. 19, 2017). Defendant Amy Alyece Broome filed a Motion for Summary Judgment [53]. For the reasons below, the Court **grants** the motion **in part and denies** it **in part**.

## I. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the

evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## II. DISCUSSION

### A. *Waiver*

First, Defendant argues that Plaintiffs waived any claim they may have on the life insurance proceeds upon execution of the Child Custody and Property Settlement Agreement ("CCPSA") in the Chancery Court. *See* Exhibit B to Motion for Summary Judgment, *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP (S.D. Miss. Jan. 19, 2018), ECF No. 54-2. "Waiver is voluntary surrender or relinquishment of some known right, benefit or advantage." *Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 964 (Miss. 1999).

Defendant argues that the following provision constitutes a waiver of Plaintiffs' right to receive any of the life insurance proceeds:

> The wife and husband mutually agree and hereby waive and relinquish any and all right and claim in and to any and all property owned, or hereafter acquired by each other, and waive all right to inherit from each other under the laws of any and all states of the United States of America, or the laws of any other country, and the parties agree that they will make no claims of any kind to any interest to any property which the

2

> parties may die ceased and possessed and will make no claim of any kind whatsoever against the estate of each other in the event of their death, and the parties hereto waive and relinquish any and all rights and claims of inheritance, courtesy, descent and distribution and all other rights and claims growing out of the marriage relationship between the parties.

Exhibit B [54-2], at 1-2. However, the CCPSA also contained the following provision: "Each party shall maintain the same amount of life insurance and keep the beneficiary the same." *Id.* at 6.

It is undisputed that at the time the CCPSA was executed, Steve Broome held a $400,000.00 life insurance policy with Plaintiff Elizabeth Strickland as the beneficiary. *See* Exhibit E to Response at 5-6, *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP (S.D. Miss. Feb. 9, 2018), ECF No. 65-5. However, he later changed the beneficiary on the policy to Defendant Amy Broome. *Id.* at 11-12. Afer Plaintiff raised the issue in a contempt proceeding in Chancery Court, Steve Broome changed the beneficiary to the Elizabeth Lance Broome Revocable Trust. *See* Exhibit F to Response at 34-39, *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP (S.D. Miss. Feb. 9, 2018), ECF No. 65-6.

First, the Elizabeth Lance Broom Revocable Trust was not a party to the CCPSA and, therefore, could not have waived any rights upon its execution. Second, Plaintiff Elizabeth Strickland was the beneficiary of Steve Broome's life insurance at the time the CCPSA was executed. Therefore, the provision requiring each party to maintain their life insurance, at the very least, renders the relinquishment/waiver provision ambiguous as applied to the life insurance issue. Accordingly, summary judgment on this basis would be inappropriate.

## B. Release

Next, Defendant argues that Plaintiffs released their claims against the life insurance proceeds in a settlement agreement executed in the Chancery Court upon the administration of Broome's estate. *See* Exhibit G to Motion for Summary Judgment, *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP (S.D. Miss. Jan. 19, 2018), ECF No. 54-7. First, Defendant was not a party to the settlement agreement, and Plaintiffs could not have released any claims against her. Regardless, Plaintiffs withdrew the probate claims related to the life insurance, and they were dismissed without prejudice. Exhibit G [54-7], at 3. The Chancery Court's order approving the settlement specifically provided: "As part of the settlement, Elizabeth Strickland [and] The Elizabeth Strickland Lance Broome Revocable Trust . . . reserve all such rights to pursue available claims against any and all persons or entities other than the Estate of Steve Alan Broome for the amount of the life insurance probated claim." *Id.* at 5. Therefore, Plaintiffs did not release their claims against Defendant.

## C. Unjust Enrichment

Defendant argues that Plaintiffs' claim of unjust enrichment fails because there was no legal contract between between her and Plaintiffs. However, the existence of a contract is not an element of unjust enrichment.

"[I]n an action for unjust enrichment, the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff." *Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 342 (Miss.

4

2004) (quoting *Fordice Const. Co. v. Central States Dredging Co.*, 631 F. Supp. 1536, 1538-39 (S.D. Miss. 1986)). It is an equitable claim, and "[t]he ground on which recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund it." *Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1180 (Miss. 2004). Therefore, as the existence of a contract between Plaintiffs and Defendant is not required for a claim of unjust enrichment, the Court denies Defendant's motion as to this issue.

## D. *Constructive Trust*

"A constructive trust is a means recognized in [Mississippi] law whereunder one who unfairly holds a property interest may be compelled to convey that interest to another to whom it justly belongs." *Barriffe v. Estate of Nelson*, 153 So. 3d 613, 618 (Miss. 2014).

> A constructive trust is one that arises by operation of law against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds legal right to property which he ought not, in equity and good conscience, hold and enjoy.

*Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1178 n. 1 (Miss. 2004). "Clear and convincing evidence is required to establish a constructive trust." *Barriffe*, 153 So. 3d at 628.

A constructive trust "arises by implication from the relationship and conduct of the parties and may be established by parol testimony . . . ." *Allgood v. Allgood*, 473 So.

5

2d 416, 421 (Miss. 1985). In other words, a constructive trust may be imposed where a party has been unjustly enriched "under cover of the relation of confidence . . . ." *Barriffe*, 153 So. 3d at 628. While "[a]ny transaction may provide an appropriate setting for creating a constructive trust," one must still prove a "relation of confidence . . . ." *Alvarez v. Coleman*, 642 So. 2d 361, 367 (Miss. 1994). "[T]he terms 'confidence' and 'confidential relationship' are construed liberally in favor of the confider and against the confident for purposes of raising a constructive trust." *Id.*

Also, the existence of a fiduciary or confidential relationships among the parties, by itself, is not sufficient to warrant imposition of a constructive trust. *Id.* "It is the relationship *plus* the abuse of confidence imposed that authorizes a court of equity to construct a trust for the benefit of the party whose confidence has been abused." *Barriffe*, 153 So. 3d at 628. "Substantial overreaching or fraud must be shown." *Allgood*, 473 So. 2d at 421.

Plaintiffs argue that Amy Broome requested, received, and retains possession of the insurance policy benefits despite knowing that Steve Broome was required to maintain a life insurance policy with Plaintiff Elizabeth Strickland as the beneficiary. Assuming that these factual contentions are true, Defendant Broome's actions do not constitute substantial overreaching or fraud. The record contains no evidence that Defendant Broome changed the beneficiary on the policy or induced Steve Broome to do so. Moreover, Plaintiffs have not demonstrated that Defendant Broome had a relationship of confidence or trust with Plaintiffs. Accordingly, the Court grants

Defendant Broome's Motion for Summary Judgment as to Plaintiffs' constructive trust claim.

*E.     Conversion*

"To make out a conversion, there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 149 (Miss. 1998). The plaintiff must present "proof that the defendant either did some positive wrongful act with the intention to appropriate the property to himself, or to deprive the rightful owner of it, or destroyed the property." *Greenline Equip. Co. v. Covington County Bank*, 873 So. 2d 950, 955 (Miss. 2002). Phrased differently, the defendant must have exercised "some unlawful assumption of dominion over the personal property involved, in defiance or exclusion of the plaintiff's rights, or else a withholding of the possession under a claim of right or title inconsistent with that of plaintiff." *Id.* The plaintiff's interest in the property must have been "made known and resisted . . . ." *Id.* In summary, to prove a conversion claim, Plaintiff must demonstrate that it had a right or interest in the disputed property, that Defendant knew of its right or interest, and that he exercised control or dominion over the property in exclusion of its right or interest. *Id.*; *see also Cmty. Bank, Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 773-74 (Miss. 2004).

Defendant Broome argues that Plaintiffs' conversion claim fails because she was the properly designated beneficiary of the life insurance policy. But that fact is in

dispute. According to USAA's file, Steve Broome designated Defendant Broome as the primary beneficiary when he applied for the policy in 2003. Exhibit C to Motion for Summary Judgment at 25, *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP (S.D. Miss. Jan. 19, 2018), ECF No. 54-3. He later changed the beneficiary to The Elizabeth Lance Broome Revocable Trust. *Id.* at 34-39. The record contains no evidence that Steve Broome ever changed the beneficiary back to Defendant Amy Broome, beyond the fact that USAA paid her the proceeds. In fact, USAA's claim diary contains no record of a beneficiary change after it was changed to the Trust in 2004. Therefore, there is a factual dispute as to the rightful beneficiary, and it is undisputed that Defendant Broome has retained possession of the life insurance proceeds despite having knowledge of Plaintiffs' claim. Accordingly, the Court must deny Defendant Broome's Motion for Summary Judgment as to Plaintiffs' conversion claim.

### III. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendant Broome's Motion for Summary Judgment [53]. The Court grants the motion as to Plaintiffs' claim of constructive trust, but the Court denies it as to Plaintiffs' claims of conversion and unjust enrichment.

SO ORDERED AND ADJUDGED this 19th day of March, 2018.

                                            /s/ Keith Starrett
                                      KEITH STARRETT
                                      UNITED STATES DISTRICT JUDGE