# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

ELIZABETH L. STRICKLAND, *et al.*,  **PLAINTIFFS**

v.  CIVIL ACTION NO. 2:16-CV-124-KS-MTP

AMY ALYECE BROOME, *et al.*  **DEFENDANTS**

## ORDER

For the reasons provided below, the Court **grants in part and denies in part** Plaintiffs' Motion for Clarification and Other Relief [71]. The motion is granted insofar as Plaintiffs seek a ruling from the Court as to whether they pleaded claims of conversion and breach of contract: Plaintiffs did not plead such claims. The motion is denied in all other respects.

The Court provided the factual background of this case in an earlier opinion. *See Strickland v. Broome*, No. 2:16-CV-124-KS-MTP, 2017 WL 4707032, at *1 (S.D. Miss. Oct. 19, 2017). Plaintiffs initiated this action on August 15, 2016. They named Amy Alyece Broome as the lone defendant. On October 25, 2016, the Court entered a Case Management Order [8] which provided, among other things, a deadline of December 15, 2016, for motions to amend the pleadings, and a discovery deadline of June 1, 2017.

On June 13, 2017 – approximately seven months past the amendments deadline and over a week past the discovery deadline – Plaintiffs filed a motion seeking leave to file an Amended Complaint [26] and add USAA as a defendant. Plaintiffs claimed that they were unable to "determine any information concerning the . . . life insurance

coverage," despite first receiving documents from USAA via subpoena in February 2017. In fact, Plaintiffs admitted that Defendant Broome's discovery responses from December 2016 identified USAA as a potential defendant. Nevertheless, the Court allowed [30] Plaintiffs to amend. On June 21, 2017, Plaintiffs filed an Amended Complaint.

On August 17, 2017, USAA filed a Motion to Dismiss [37] Plaintiffs' claims of breach of fiduciary duty and constructive trust. The Court granted the motion on October 19, 2017. *Strickland*, 2017 WL 4707032 at *1.

On November 6, 2017, the Magistrate Judge held a status conference, and the Plaintiffs represented that they intended to file a motion seeking the Court's reconsideration of the Court's order dismissing their claims against USAA. At this time, Plaintiffs did not mention any claims of breach of contract or conversion. Two months later, after Plaintiffs had failed to file a motion as they represented in the status conference, the Magistrate Judge entered an Amended Case Management Order [49]. Therein, the Magistrate Judge stated that the Court had dismissed Plaintiffs' claims against USAA, and that the only claims remaining were those asserted against Defendant Broome.

One week later, Plaintiffs filed a Motion for Reconsideration [50] of the Court's order granting USAA's Motion to Dismiss [37]. Among other things, Plaintiffs argued that the Court had "overlooked" claims of conversion and breach of contract that were pleaded in the Amended Complaint as to USAA. Alternatively, Plaintiffs sought leave to amend and assert such claims.

2

On March 14, 2018, the Court denied [68] Plaintiffs' Motion for Reconsideration for the same reasons it granted USAA's Motion to Dismiss. *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP, 2018 WL 1320053 (S.D. Miss. Mar. 14, 2018). The Court also noted that it had not "overlooked" any claims of conversion and breach of contract. *Id.* at *2. Rather, it had not addressed such claims because they were not raised in USAA's Motion to Dismiss. *Id.* The Court instructed Plaintiffs to file a separate motion seeking leave to amend. *Id.* So, Plaintiffs filed a Motion for Clarification and Other Relief [71], seeking clarification from the Court as to whether they pleaded claims of conversion and breach of contract or, alternatively, seeking leave to amend.

### A. *Conversion & Breach of Contract Claims*

Plaintiffs did not plead claims for conversion or breach of contract against USAA. Plaintiffs never mentioned such claims until their specifically enumerated claims of breach of fiduciary duty and constructive trust were dismissed. It is obvious that Plaintiffs did not intend to assert such claims when they filed the Amended Complaint. Rather, they are attempting to do so now to keep USAA in the case for trial. The Amended Complaint includes a section specifically labeled "**Causes of Action Against USAA Life Insurance Company**," and it includes no mention whatsoever of conversion or breach of contract claims. It would be wholly unreasonable to expect Defendant – and the Court – to divine that Plaintiffs intended to assert claims not specifically enumerated in the section of the Complaint *that purports to specifically enumerate the causes of action against USAA.*

*Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014), does not require this Court to guess the nature of a plaintiff's case. Rather, it holds that a plaintiff need not specifically cite 42 U.S.C. § 1983 to state a claim for the violation of constitutional rights. *Id.* at 347. If, as Plaintiffs argue, they were permitted to simply list facts without any enumerated legal theories, claims, or causes of action, then motions pursuant to Rules 12(b)(6) and 12(c) would be toothless because a respondent could simply assert a new theory of liability *ex post facto*, as Plaintiffs attempted to do here. In fact, new theories and claims could potentially be asserted all the way up to the pretrial conference. Moreover, there would be serious implications for removal and remand procedure if all that was required to state a federal claim were facts without any mention of federal law or a theory of liability.

In summary, the plain language of the Amended Complaint and Plaintiffs' actions in this litigation clearly indicate that they did not intend to assert claims of conversion or breach of contract against USAA until their other claims were dismissed. Therefore, the Court concludes that no such claims were pleaded in the Amended Complaint.

### B.  *Rule 16(b)*

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). The rule provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot

reasonably be met despite the diligence of the party needing the extension." *Sw. Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). The Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

Plaintiffs have not provided any explanation as to why they did not timely seek leave to amend. Of course, Plaintiffs may contend that they did not seek leave to amend earlier in the case because they had already pleaded claims of conversion and breach of contract. As explained above, Plaintiffs obviously did not intend to assert such claims until their claims of breach of fiduciary duty and constructive trust were dismissed. They then waited months before filing a motion seeking reconsideration [50] of the Court's order, and then a few more months before filing a motion seeking leave to amend [71]. This was part of a pattern of delay, as Plaintiffs first sought leave to add USAA as a defendant [26] seven months past the first amendment deadline and a week past the original discovery deadline.

The Court will assume, for the purpose of addressing the current motion, that the proposed amendment is important. However, allowing the amendment at this late stage of the case would be prejudicial to USAA. The final pretrial conference is scheduled for May 15, 2018, and this case is currently scheduled for a trial calendar beginning the first week of June 2018. Allowing Plaintiffs to assert two new claims after discovery has been completed and the parties are preparing for trial would be unfairly prejudicial to USAA.

It is also too late for the Court to cure any prejudice by extending the discovery period or otherwise shifting deadlines. This case was filed in 2016, and the Court will not continue the pretrial conference and trial calendar to reopen discovery and start from scratch. Even if the Court were inclined to further delay the case's resolution, it would likely be months before the Court could find an available trial date, given the current state of its calendar. There is no time to cure the prejudice that would accrue to USAA if the Court permitted Plaintiffs to assert new claims.

In summary, Plaintiffs did not plead claims of breach of contract and conversion, and they have not provided a satisfactory explanation for their failure to timely seek leave to amend. While the proposed amendments may be important, they would unfairly prejudice USAA, and there is no time to cure the prejudice. For all of these reasons, the Court denies Plaintiffs' request for leave to amend.

SO ORDERED AND ADJUDGED this 11th day of April, 2018.

                                  /s/ Keith Starrett
                                  KEITH STARRETT
                                  UNITED STATES DISTRICT JUDGE