**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ELIZABETH L. STRICKLAND and
THE ELIZABETH LAND BROOME REVOCABLE TRUST,
ELIZABETH L. STRICKLAND, TRUSTEE**                                           **PLAINTIFFS**

**VS.**                                                      **CIVIL ACTION NO. 2:16-CV-124-KS-MTP**

**AMY ALYECE BROOME and
USAA LIFE INSURANCE COMPANY**                                             **DEFENDANTS**

## PLAINTIFFS' TRIAL BRIEF

The Plaintiffs submit this Trial Brief on issues discussed at the pretrial conference and raised by the jury instructions the parties submitted yesterday.

In response to a comment of the Defendant's counsel at the pretrial conference, the Court inquired about the admissibility of the Defendant's deposition testimony. Under Fed.R.Civ.P. 32(a)(3),[1] a party may introduce the deposition of an adversary regardless of the adversary's availability at trial. 8A Wright & Miller, *Federal Prac. & Proc.*, §2145; *Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187, 1194 (5th Cir. 1983); *Coughlin v. Capital Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978); Fed.R.Evid. 801(d)(1)(A) (prior inconsistent statement under oath in deposition is not hearsay where declarant testifies and is subject to cross-examination); Fed.R.Evid. 801(d)(2)(A) (opposing party's statement is also exempted from hearsay rule).

This civil action presents both legal and equitable claims. One of the claims is unjust enrichment. (**3-19-18 Memorandum Opinion And Order, Doc. 69, at 4-5**). As the Court noted, "[I]t is an equitable claim." (**Doc. 69, at 5**), citing, *Union Nat'l. Life Ins. Co. v.*

---

[1]Formerly, Fed.R.Civ.P. 32(a)(2).

*Crosby*, 870 So.2d 1175, 1180 (Miss. 2004).

The Pretrial Order notes that the Court will consider equitable claims as a bench matter, with the jury deciding facts common to legal and equitable claims.  (**Doc. 86, para. 14, at 15**).

The Defendant's proposed Special Interrogatory No. 1 purports to submit the unjust enrichment claim to the jury, as does the Defendant's unnumbered Jury Instruction annotated with the *Union Nat'l. Life Ins. Co. v. Crosby* case.  The equitable unjust enrichment claim is tried to the Court as a bench trial, as the Pretrial Order states.

There does not appear to be disputed common factual issues between the legal and equitable claims for the jury to resolve.  While the jury and Court may hear overlapping *evidence*, "[t]he existence of common factual *issues* is. . .distinguished from the existence of overlapping *evidence*."  *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 (5th Cir. 1998) (fn. 21).

The USAA policy has a provision about how the owner can change the beneficiary.  (**Doc. 65-6, at 17**).  Based on a signed and written instruction from Steve Broome that complied with the policy change-of-beneficiary provision, Steve Broome named the Trust the beneficiary as of July, 2004.  (**Doc. 65-6, at 34-35**). Even if the jury would have evidence[2] that Steve Broome signed and sent a policy-compliant change of beneficiary after July 21, 2004, there is the equitable claim that Plaintiff Elizabeth Strickland (and then, her Trust) had a vested, indefeasible *equitable* ownership of the policy proceeds under *Mahaffey v. First Nat. Bank*, 231 Miss. 798, 97 So.2d 756, 758-64 (1957) ("Equity will,

---

[2]The Plaintiffs believe that there will be no evidence of a policy-compliant change of beneficiary signed and sent by Steve Broome after July, 2004.

therefore, treat the children as clothed with the same interest and entitled to the same rights as if the duty (to transfer insurance policies to the minor children) had been performed. . . .we have reached the conclusion that the . . .two children should be adjudged to be the owners of the proceeds of the life insurance").

      **This the 17th  day of July, 2018.**

            **Respectfully submitted,**

            **Elizabeth L. Strickland**
            **The Elizabeth Lance Broome**
            **Revocable Trust**
            **By:   /s/ S. Robert Hammond, Jr.**
             **S. Robert Hammond, Jr.**

**S. Robert Hammond, Jr. (MSB #3004)**
**S. ROBERT HAMMOND, JR., PLLC**
**711 Hardy Street**
**Post Office Box 471**
**Hattiesburg, Mississippi 39403**
**(601) 450-4499 (phone)/(601) 450-1162 (fax)**
**bh@bobhammondlaw.com**

            **By:   /S/  WYNN E. CLARK**
              **Wynn E. Clark**

**Wynn E. Clark**
**2510 16th Street**
**Gulfport, MS 39501**
**228-575-9996 / 228-575-9030 Fax**
**E-Mail: wynn@wynnclark.com**
**Miss. Bar No. 6279**

**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

    I hereby certify that on July 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

            **/S/  WYNN E. CLARK**