IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ELIZABETH L. STRICKLAND, *et al.*　　　　　　　　　　　　　　　PLAINTIFFS

v.　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:16-CV-124-KS-MTP

AMY ALYECE BROOME　　　　　　　　　　　　　　　DEFENDANT

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiffs' Motion for Judgment as a Matter of Law [100] and **denies** Defendant's Motion for Reconsideration [103].

### I. BACKGROUND

The Court provided the factual background of this case in a previous opinion. *Strickland v. Broome*, No. 2:16-CV-124-KS-MTP, 2017 WL 4707032, at *1 (S.D. Miss. Oct. 19, 2017). On July 24, 2018, the case went to trial. A jury returned a verdict in favor of Defendant as to Plaintiffs' legal claim of conversion, while the Court rendered a bench ruling in favor of Plaintiffs as to their equitable claim of unjust enrichment.

After the Court entered Final Judgments [89, 90] as to each claim, Plaintiffs filed a Motion for Judgment as a Matter of Law or New Trial [100] as to their conversion claim, and Defendant filed a Motion for Reconsideration [103] of the Court's ruling on the unjust enrichment claim.

About a week after the parties' filed their motions, Defendant's counsel filed a Motion to Withdraw [108], representing that Defendant had fired him. The Court

1

granted [109] the motion and gave Defendant thirty days to either notify the Court of her intention to proceed *pro se* or to hire a new attorney. The Court suspended briefing on the pending motions indefinitely.

On September 10, 2018, Defendant's former counsel filed her Suggestion of Bankruptcy [110]. The Court did not enter an order staying the case, but it took no further action on the parties' post-judgment motions pending resolution of the bankruptcy.

On January 4, 2019, the Court ordered the parties to file written status reports as to Defendant's bankruptcy proceeding. Plaintiffs responded [114], notifying the Court that the Bankruptcy Court had lifted the automatic stay for the purposes of this Court ruling on the parties' post-judgment motions, and for any party to appeal any judgment or order entered in this proceeding.

The Court ordered the parties to file briefs [115] on the pending motions. Plaintiffs filed a response [118] in opposition to Defendant's Motion for Reconsideration [103]. Defendant has not responded to Plaintiffs' Motion for Judgment as a Matter of Law or New Trial [100]. Therefore, the motions are ripe.

## II. PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW [100]

First, Plaintiffs argue that the Court should enter judgment as a matter of law in their favor on the conversion claim because no reasonable jury could return a verdict for Defendant in light of the evidence presented at trial. Rule 50(b) provides: "If the court does not grant a motion for judgment as a matter of law made under

2

Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law . . . ." FED. R. CIV. P. 50(b).

"A motion for judgment as a matter of law in a case tried by a jury . . . is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Carley v. Crest Pumping Techs., LLC*, 890 F.3d 575, 578 (5th Cir. 2018). "JMOL should be granted when . . . there is no legally sufficient evidentiary basis for a reasonable jury to find for a party . . . ." *Montano v. Orange County, Tex.*, 842 F.3d 865, 873 (5th Cir. 2016). The Court must determine "whether the evidence has such quality that reasonable and fair-minded persons would reach the same conclusion." *Polanco v. City of Austin, Tex.*, 78 F.3d 968, 973 (5th Cir. 1996). The Court is "especially deferential" to the jury's verdict. *Carley*, 890 F.3d at 578. "[A]ll reasonable inferences are drawn in favor of the nonmovant, with the credibility of witnesses and weight of the evidence being within the sole province of the jury." *Montano*, 842 F.3d at 874.

According to the evidence at trial, it was undisputed that Defendant intentionally requested that USAA pay her the life insurance proceeds. According to Exhibit P-4, USAA's documents related to the life insurance policy and claim, Defendant executed a "Claimant's Statement" and "Life Insurance Claim Settlement Request" on September 9, 2013, and USAA wired the payment of $339,518.49 to her account on or around September 10, 2013. Plaintiffs did not consent to the payment,

and they were harmed insofar as they did not receive the life insurance benefits. Moreover, Defendant caused the harm because she submitted the payment request. All of these facts were wholly undisputed at trial.

Therefore, the only element of the conversion claim reasonably in dispute was whether Plaintiffs had an interest in or right to the life insurance proceeds. According to USAA's files, Steve Broome requested that USAA change the beneficiary on his life insurance policy to the Plaintiff, The Elizabeth Lance Broome Revocable Trust, in July 2004. USAA complied with the request and attached a Change of Beneficiary Endorsement to the policy. However, the record contains no written request to change the beneficiary back to Defendant, and USAA did not put a Change of Beneficiary Endorsement to that effect in the file.

The only evidence supporting Defendant's theory that Steve Broome changed the beneficiary back to her is a screen shot in USAA's file that purports to show the policy's basic details, similar to the information contained on a declarations page. According to the screen shot, the policy's "Beneficiary Information as of 06/26/2009" records Defendant as the primary beneficiary.

In the Court's opinion, the screen shot and Steve Broome's undisputed previous attempt to cut Plaintiffs out of the life insurance policy were sufficient evidence to support the jury's reasonable inference that Steve Broome changed the policy back to Defendant. Plaintiffs want the Court to disregard the screen shot altogether, or to give greater weight to the absence of evidence that Steve Broome submitted a written

4

request to change the beneficiary back to Defendant. But "the credibility of witnesses and weight of the evidence" are "within the sole province of the jury." *Montano*, 842 F.3d at 874. The Court is not permitted to weigh the evidence as Plaintiffs request. The jury's verdict can be reasonably supported from the evidence at trial, and the Court will not disturb it.

Alternatively, Plaintiffs argue that the Court should grant them a new trial on the conversion claim pursuant to Rule 59(a), which provides that the Court "may, on motion, grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." FED. R. CIV. P. 59(a)(1)(A). Plaintiffs contend that the jury's verdict was against the weight of the evidence.

"A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). The Court "must affirm the verdict unless the evidence – viewed in the light most favorable to the jury's verdict – points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary conclusion." *Id.* "The movant must show an absolute absence of evidence to support the jury's verdict." *Seibert v. Jackson County, Miss.*, 851 F.3d 430, 439 (5th Cir. 2017).

As noted above, the jury's verdict can be reasonably supported from the evidence at trial. Therefore, the Court likewise denies Plaintiffs' motion for a new trial.

5

## III. DEFENDANT'S MOTION TO RECONSIDER [103]

Defendant argues that the Court should reconsider its ruling on Plaintiffs' equitable claim of unjust enrichment. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Defendant's Motion to Reconsider [103] was filed on August 22, 2018, within twenty-eight days of the entry of final judgment as to the unjust enrichment claim. Therefore, Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364

(5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Defendant cited neither an intervening change in the controlling law nor new evidence that was previously unavailable. Rather, she presented the same arguments of waiver and release the Court addressed in a prior opinion. *See Strickland v. Broome*, No. 2:16-CV-124-KS-MTP, 2018 WL 1392502, at *1-*2 (S.D. Miss. Mar. 19, 2018). Nothing presented at trial or in Defendant's briefing on the present motion persuades the Court to revisit these issues.

Defendant also argues that Steve Broome was only required to maintain life insurance that named Plaintiffs as the beneficiary while his children were minors. Accordingly, she contends that she was the rightful beneficiary of the life insurance policy, and that the proof was insufficient to demonstrate that she held money "which in equity and good conscience belongs to the plaintiff." *Owens Corning v. RJ Reynolds Tobacco Co.*, 868 So. 2d 331, 342 (Miss. 2004).

The Child Custody and Support and Property Settlement Agreement, attached to the Judgment of Divorce and admitted as Exhibit P-1 at trial, provided: "Each party shall maintain the same amount of life insurance and keep the beneficiary the same." According to a transcript admitted at trial as Exhibit P-6, Steve Broome admitted in a hearing before the Chancery Court in 2004 that Plaintiff Elizabeth

Strickland was the primary beneficiary of the life insurance he maintained at the time of their divorce. Accordingly, USAA's files admitted at trial as Exhibit P-4 demonstrate that in July 2004 Steve Broome requested that USAA change the beneficiary on his life insurance policy to the Plaintiff, The Elizabeth Lance Broome Revocable Trust. USAA complied with the request and created a Change of Beneficiary Endorsement.

The evidence from trial clearly demonstrates that Broome was required by the divorce decree to maintain the same life insurance amounts and beneficiaries he had at the time of the divorce. He conceded that this was the case by changing the beneficiary on his life insurance back to the Plaintiff Trust in July 2004 after being confronted on the issue in a hearing before the Chancery Court. For these reasons, the Court rejects Defendant's argument that Steve Broome was not required to maintain life insurance with Plaintiffs as beneficiaries.

## IV. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Motion for Judgment as a Matter of Law [100] and **denies** Defendant's Motion for Reconsideration [103].

SO ORDERED AND ADJUDGED this 20th day of February, 2019.

                                          /s/ Keith Starrett
                                          KEITH STARRETT
                              UNITED STATES DISTRICT JUDGE